**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEAN CREIGHTON, ANGELA SPENCER FORD, OLA KUDU GREEN, TRACEY JENNINGS, DAWN MALENFANT, LORI MAAS, GIDEON MONCRIEFFE, CARLOS MUÑOZ, and SIMONE PRATT, ARJUNA ROUTTÉ-PRIEUR, | Docket No. 16 Civ. 6454 |
| Plaintiffs, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| DON COLEMAN ADVERTISING INC. d/b/a GLOBALHUE and DONALD A. COLEMAN, | |
| Defendants. | |

Plaintiffs Sean Creighton, Angela Spencer Ford, Tracey Jennings, Ola Kudu Green, Dawn Malenfant, Lori Maas, Gideon Moncrieffe, Carlos Muñoz, Simone Pratt, and Arjuna Routté-Prieur, by and through their attorneys at the Filosa Law Firm, PLLC, as and for their Complaint in this action against Defendants Don Coleman Advertising, Inc. d/b/a GlobalHue ("GlobalHue" or the "Company") and Donald A. Coleman, (collectively, "Defendants") alleges upon personal knowledge and upon information and belief as to other matters as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs are all current and former employees of GlobalHue that have not been paid for work that they performed for the Company from March 15, 2016 through the present. Defendant's failure to pay these employees their agreed upon wages is not only a violation of the Company's employment agreements with these employees, but it is also a violation of the Fair Labor Standards Act's ("FLSA") minimum wage requirements and, for those employees based in New York, a violation of the New York Labor Law's ("NYLL") wage payment requirements

2.      This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' violations of the FLSA, the NYLL, and common law contract principles.

## PARTIES

3.      Plaintiff Sean Creighton is a current employee of GlobalHue and has been employed by the Company since May 2015, most recently serving as an Account Director. At all relevant times, Plaintiff Creighton met the definition of "employee" under all applicable statutes.

4.      Plaintiff Angela Spencer Ford is a current employee of GlobalHue and has been employed by the Company since April 2007, most recently serving as a Senior Vice President. At all relevant times, Plaintiff Spencer Ford met the definition of "employee" under all applicable statutes.

5.      Plaintiff Ola Kudu Green is a current employee of GlobalHue and has been employed by the Company since September 2015, most recently serving as an Executive Creative Director. At all relevant times, Plaintiff Green met the definition of "employee" under all applicable statutes.

6.      Plaintiff Tracey Jennings is a current employee of GlobalHue and has been employed by the Company since September 2013, most recently serving as an Executive Vice President. At all relevant times, Plaintiff Jennings met the definition of "employee" under all applicable statutes.

7.      Plaintiff Dawn Malenfant is a current employee of GlobalHue and has been employed by the Company since September 2012, most recently serving as the Company's Director of Business Affairs & Talent. At all relevant times, Plaintiff Malenfant met the definition of "employee" under all applicable statutes.

8.      Plaintiff Lori Maas is a current employee of GlobalHue and has been employed by the Company since September 2009, most recently serving as a Senior Manager. At all relevant times, Plaintiff Maas met the definition of "employee" under all applicable statutes.

9.      Plaintiff Gideon Moncrieffe is a former employee of GlobalHue and had been employed by the Company from November 2015 through June 15, 2016, most recently serving as an Executive Producer. At all relevant times, Plaintiff Moncrieffe met the definition of "employee" under all applicable statutes.

10.     Plaintiff Carlos Muñoz is a former employee of GlobalHue and had been employed by the Company from June 2015 through June 30, 2016, most recently serving as a Senior Vice President. At all relevant times, Plaintiff Muñoz met the definition of "employee" under all applicable statutes.

11.     Plaintiff Simone Pratt is a former employee of GlobalHue and was employed by the Company from September 2015 through July 2016, most recently serving as a Senior Director. At all relevant times, Plaintiff Pratt met the definition of "employee" under all applicable statutes.

12.     Plaintiff Arjuna Routté-Prieur is a current employee of GlobalHue and was employed by the Company since November 2015, most recently serving as a Digital Designer. At all relevant times, Plaintiff Routté-Prieur was an "employee" under all applicable statutes.

13.     Defendant Don Coleman Advertising Inc. d/b/a GlobalHue is a foreign business corporation organized and operating under the laws of the State of Michigan with a principle place of business located at 440 9th Avenue, 8th Floor, New York, NY 10001. At all relevant times, Defendant GlobalHue met the definition of "employer" under all applicable statutes.

14.     Defendant Donald A. Coleman is a resident of the State of New York. At all times relevant to this matter, Defendant Coleman served as the Chief Executive Officer of GlobalHue and was in active control and management of the Company. At all relevant times, Defendant Coleman met the definition of "employer" under all applicable statutes.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' related claims arising under state laws pursuant to 28 U.S.C. § 1367(a).

16.     Venue is proper in the district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

17.     GlobalHue is a full-service marketing, advertising, and public relations firm that was founded by Defendant Coleman in 1988 as Don Coleman and Associates and, after a series of acquisitions, rebranded itself as GlobalHue in 2002.

18.     The Company's website touts itself as the 22nd largest independent marketing company in the United States with over 300 employees and, in 2009, was recognized as the "Multicultural Advertising Agency of the Decade" by Adweek.

19.     The Company maintains offices in the following locations: (i) New York, New York, (ii) Southfield, Michigan, (iii) San Antonio, Texas, and (iv) and Atlanta, Georgia.

20.     Defendant Coleman is the Founder and Chief Executive Officer of GlobalHue and is responsible for all facets of the Company's operations, including the below-outlined unlawful

pay practices. As a result, at all relevant times, Defendant Coleman met the definition of an "employer" under the FLSA and NYLL.

21.     Since March 15, 2016 – the date that the Company last paid its employees – Defendant Coleman has repeatedly assured employees that they would be paid for the work that they performed. Defendant Coleman repeated these promises in a June 28, 2016 article (http://www.adweek.com/agencyspy/former-multicultural-agency-of-the-decade-globalhue-has-not-paid-employees-in-more-than-3-months/111750) that included a claim by Defendant Coleman that the issue would be resolved "this week." Despite this and other assurances, Plaintiffs have not received any compensation from Defendants for the work that they performed from March 16, 2016 through the present.

22.     Despite not paying employees, Defendant Coleman has continued to assign work to Plaintiffs and other employees and otherwise knows that Plaintiffs have continued to perform work for the Company for which they have not been compensated.

**Plaintiff Sean Creighton's Employment with GlobalHue**

23.     Plaintiff Creighton has been employed by GlobalHue since May 2015 and, at all times relevant to this matter, served as an Account Director for the Company with responsibility for the Company's Walmart account.

24.     In this position, Plaintiff Creighton was responsible for managing all facets of the Company's account with Walmart – which was one of the Company's biggest and most important accounts.

25.     Plaintiff Creighton worked out of the Company's New York City office.

26.    GlobalHue agreed to pay Plaintiff Creighton a fixed salary in exchange for his employment with the Company, however, the Company has not paid Plaintiff Creighton since March 15, 2016.

27.    Despite the Company's failure to pay him his agreed-upon salary, Plaintiff Creighton has continued performing his job duties for the Company, both on a full-time basis (from March 15, 2016 through approximately June 30, 2016) and on a part-time basis from July 1, 2016 through the present.

28.    Plaintiff Creighton has not received any compensation for the work that he performed for the Company from March 16, 2016 through the present.

**Plaintiff Angela Spencer Ford's Employment with GlobalHue**

29.    Plaintiff Spencer Ford has been employed by GlobalHue since April 2007 and, at all times relevant to this matter, served as Senior Vice President of Experiential Communications for the Company.

30.    In this position, Plaintiff Spencer Ford was responsible for leading marketing, promotions, and public relations for GlobalHue clients.

31.    Plaintiff Spencer Ford worked out of the Company's Southfield, Michigan office.

32.    GlobalHue agreed to pay Plaintiff Spencer Ford a fixed salary in exchange for her employment with the Company, however, the Company has not paid Plaintiff Spencer Ford since March 15, 2016.

33.    Despite the Company's failure to pay her the agreed-upon salary, Plaintiff Spencer Ford continued performing her job duties for the Company on a full-time basis through June 15, 2016.

34.     Plaintiff Spencer Ford has not received any compensation for the work that she performed for the Company from March 16, 2016 through the present.

**Plaintiff Ola Kudu Green's Employment with GlobalHue**

35.     Plaintiff Ola Kudu Green has been employed by GlobalHue since September 2015 and, at all times relevant to this matter, served as an Executive Creative Director with the Company.

36.     In this position, Plaintiff Green was responsible for leading creative work for all clients and new business.

37.     Plaintiff Green worked out of the Company's New York City office.

38.     GlobalHue agreed to pay Plaintiff Green a fixed salary in exchange for his employment with the Company, however, the Company has not paid Plaintiff since March 15, 2016.

39.     Despite the Company's failure to pay him his agreed-upon salary, Plaintiff Green has continued performing his job duties for the Company from March 15, 2016 through the present.

40.     Plaintiff Green has not received any compensation for the work that he performed for the Company from March 16, 2016 through the present.

**Plaintiff Tracey Jennings's Employment with GlobalHue**

41.     Plaintiff Tracey Jennings has been employed by GlobalHue since September 2013 and, at all times relevant to this matter, served as an Executive Vice President with the Company.

42.     In this position, Plaintiff Jennings was responsible for managing the Company's client relationships with two of the Company's largest accounts (Walmart and Coca-Cola).

43.     Plaintiff Jennings worked out of the Company's Atlanta, Georgia office.

44.    GlobalHue agreed to pay Plaintiff Jennings a fixed salary in exchange for her employment with the Company, however, the Company has not paid Plaintiff Jennings since March 15, 2016.

45.    Despite the Company's failure to pay her the agreed-upon salary, Plaintiff Jennings has continued performing her job duties for the Company, both on a full-time basis (from March 15, 2016 through approximately June 30, 2016) and on a part-time/as needed basis from June 30, 2016 through the present.

46.    Plaintiff Jennings has not received any compensation for the work that she performed for the Company from March 16, 2016 through the present.

**Plaintiff Dawn Malenfant's Employment with GlobalHue**

47.    Plaintiff Dawn Malenfant has been employed by GlobalHue since September 2012 and, at all times relevant to this matter, served as the Company's Director of Business Affairs & Talent.

48.    In this position, Plaintiff Malenfant was responsible for managing all aspects of broadcast production work that the Company did for clients.

49.    Plaintiff Malenfant worked out of the Company's Southfield, Michigan office.

50.    GlobalHue agreed to pay Plaintiff Malenfant a fixed salary in exchange for her employment with the Company, however, the Company has not paid Plaintiff since March 15, 2016.

51.    Despite the Company's failure to pay her the agreed-upon salary, Plaintiff Malenfant continued performing her job duties for the Company on a full-time basis through June 6, 2016.

52.     After three months of working without pay, Plaintiff Malenfant stopped performing work for the Company, but still considers herself a current employee of the Company.

53.     Plaintiff Malenfant has not received any compensation for the work that she performed for the Company from March 16, 2016 through the present.

**Plaintiff Gideon Moncrieffe's Employment with GlobalHue**

54.     Plaintiff Gideon Moncrieffe has been employed by GlobalHue since November 2015 and, at all times relevant to this matter, served as the Company's Executive Producer and Director of Production.

55.     In this position, Plaintiff Moncreiffe was responsible for oversight of all the Company's broadcast TV, digital, experiential, print, and radio productions for the Company's clients.

56.     Plaintiff Moncrieffe worked out of the Company's New York City office.

57.     GlobalHue agreed to pay Plaintiff Moncrieffe a fixed salary in exchange for his employment with the Company, however, the Company has not paid Plaintiff Moncrieffe since March 15, 2016.

58.     Despite the Company's failure to pay him the agreed-upon salary, Plaintiff Moncrieffe continued performing his job duties for the Company on a full-time basis through June 15, 2016.

59.     Plaintiff Moncrieffe has not received any compensation for the work that he performed for the Company from March 16, 2016 through the June 15, 2016.

**Plaintiff Lori Maas's Employment with Global Hue**

60.    Plaintiff Lori Maas has been employed by GlobalHue since September 2009 and, at all times relevant to this matter, served as the Company's Senior Print Production Manager and Art Buyer.

61.    In this position, Plaintiff Maas was responsible for managing all print related projects for the Company's clients.

62.    Plaintiff Maas worked out of the Company's Southfield, Michigan office.

63.    GlobalHue agreed to pay Plaintiff Maas a fixed salary in exchange for her employment with the Company, however, the Company has not paid Plaintiff Maas since March 15, 2016.

64.    Despite the Company's failure to pay her the agreed-upon salary, Plaintiff Maas continued performing her job duties for the Company through June 15, 2016.

65.    Plaintiff Maas has not received any compensation for the work that she performed for the Company from March 16, 2016 through the present.

**Plaintiff Carlos Muñoz's Employment with GlobalHue**

66.    Plaintiff Carlos Muñoz has been employed by GlobalHue since June 2015 and, at all times relevant to this matter, served as a Senior Vice President and Group Account Director with the Company.

67.    In this position, Plaintiff Muñoz was responsible for management of the Company's Hispanic division, management of the Company's accounts with certain clients (U.S. Bank, Autozone, AARP, and St. Jude), as well as business development and strategic planning.

68.    Plaintiff Muñoz worked out of the Company's Austin, Texas office.

69.     GlobalHue agreed to pay Plaintiff Muñoz a fixed salary in exchange for his employment with the Company, however, the Company has not paid Plaintiff Muñoz since March 15, 2016.

70.     Despite the Company's failure to pay him the agreed-upon salary, Plaintiff Muñoz continued performing his job duties for the Company on a full-time basis through June 30, 2016.

71.     Plaintiff Muñoz has not received any compensation for the work that he performed for the Company from March 16, 2016 through the present.

**Plaintiff Simone Pratt's Employment with GlobalHue**

72.     Plaintiff Simone Pratt was been employed by GlobalHue from June 2015 through May 5, 2016 and, at all times relevant to this matter, served as a Senior Director of Planning for the Company.

73.     In this position, Plaintiff Pratt was responsible for leading the Company's strategic planning department, was the strategic lead for the Walmart account, and was a key member of the Company's pitch team for new business.

74.     Plaintiff Pratt worked out of the Company's New York City office.

75.     GlobalHue agreed to pay Plaintiff Pratt a fixed salary in exchange for her employment with the Company, however, the Company has not paid Plaintiff Pratt for any work that she performed between March 15, 2016 and May 5, 2016.

76.     Plaintiff Pratt has not performed any work for the Company since May 5, 2016 and, since July 2016, has worked for another employer.

**Plaintiff Arjuna Routté-Prieur's Employment with GlobalHue**

77.     Plaintiff Arjuna Routté-Prieur has been employed by GlobalHue since November 2015 and, at all times relevant to this matter, served as a Digital Designer with the Company.

78.     In this position, Plaintiff Maas was responsible for managing all digital graphic work related to projects for the Company's clients.

79.     Plaintiff Routté-Prieur worked out of the Company's New York City office.

80.     GlobalHue agreed to pay Plaintiff Routté-Prieur a fixed salary in exchange for his employment with the Company, however, the Company has not paid Plaintiff Routté-Prieur since March 15, 2016.

81.     Despite the Company's failure to pay him the agreed-upon salary, Plaintiff Routté-Prieur continued performing his job duties for the Company through May 16, 2016.

82.     Plaintiff Routté-Prieur has not received any compensation for the work that he performed for the Company from March 16, 2016 through the present.

### FIRST CAUSE OF ACTION
**(FLSA: Unpaid Minimum Wage)**
**(All Plaintiffs against All Defendants)**

83.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

84.     As outlined above, Defendant GlobalHue has failed to pay Plaintiffs any compensation, let alone the minimum wage required by the FLSA, for any work that they performed for the Company from March 16, 2016 through the present.

85.     Defendant GlobalHue's failure to pay any compensation for this work is a violation of the FLSA's minimum wage requirements.

86.     Defendant Coleman meets the definition of an "employer" under the FLSA and is individually liable for the Company's violations of the FLSA's minimum wage requirements.

87.     While Plaintiffs may have performed work that qualifies for the FLSA's administrative, executive, and/or professional exemptions, the Company cannot claim the benefit

of these exemptions because they failed to pay Plaintiffs any wages during the relevant time period and, thus, cannot meet the salary basis requirement for these exemptions.

88.    As a result, Defendants failed to pay Plaintiff the applicable minimum wage as set forth in the FLSA.

89.    Accordingly, Plaintiffs are entitled to compensation at the applicable minimum wage rate for the work that they performed from March 16, 2016 through the present for which they have not received any compensation, plus liquidated damages, as damages for Defendants' violations of the FLSA's minimum wage provisions.

90.    Plaintiffs also seeks recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (FLSA: Unpaid Overtime Compensation)
### (Against All Defendants)

91.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

92.    As outlined above, Defendant GlobalHue has failed to pay Plaintiffs any compensation, which includes a failure to compensate Plaintiffs for overtime compensation when they worked in excess of forty hours in a given workweek, from March 16, 2016 through the present.

93.    Defendant GlobalHue's failure to pay any overtime compensation for those hours that Plaintiffs' worked in a given workweek is a violation of the FLSA's overtime compensation requirements.

94.    Defendant Coleman meets the definition of an "employer" under the FLSA and is individually liable for the Company's violations of the FLSA's overtime compensation requirements.

95.    Accordingly, Plaintiffs are entitled to compensation at the applicable overtime wage rate for any hours that they worked in excess of forty hours in a given workweek, from March 16, 2016 through the present, as damages for Defendants' violations of the FLSA's overtime requirements.

96.    Plaintiffs also seeks recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
**(NYLL: Failure to Pay Wages)**
**(New York Plaintiffs against All Defendants)**

97.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

98.    At all relevant times, Plaintiffs Creighton, Green, Moncreiffe, Pratt, and Routté-Prieur ("New York Plaintiffs") were each an "employee" within the meaning of the NYLL. Similarly, at all relevant times, Defendants were an "employer" within the meaning of the NYLL.

99.    The salary that Defendants agreed to pay the New York Plaintiffs in return for their employment with the Company constitutes "wages" within the meaning of NYLL §§ 190, et seq.

100.    Defendant GlobalHue failed to pay the New York Plaintiffs' wages in accordance with the agreed-upon terms of employment between Plaintiffs and the Company, as required by NYLL § 191(1)(d).

101.    Defendant Coleman meets the definition of an "employer" under the NYLL and is individually liable for the Company's violations of the NYLL's wage payment requirements.

102.    As a result of the foregoing, Defendants have failed to pay the New York Plaintiffs wages required under NYLL §§ 191 and the New York Plaintiffs are entitled to an award of damages in the amount of the unpaid wages, liquidated damages, reasonably attorneys' fees and costs of the action, plus pre- and post-judgment interest.

### FOURTH CAUSE OF ACTION
**(Breach of Contract)**
**(All Plaintiffs against Defendant GlobalHue)**

103.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

104.    Each Plaintiff entered into an enforceable contract with Defendant GlobalHue that provided that Plaintiffs would perform work for the Company and, in exchange for this employment, the Company would pay Plaintiffs an agreed-upon salary.

105.    As set forth above, the Company breached these employment agreements by, among other things, failing to compensate Plaintiffs as promised for the time period from March 15, 2016 through the present.

106.    As a direct and proximate result of Company's breach of contract, Plaintiffs have suffered monetary and/or economic damages, including but not limited to, loss of past income in an amount to be determined at trial and other expenses, for which Plaintiffs are entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that an award be issued in their favor containing the following relief:

A.    A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the terms and conditions of Plaintiffs' respective employment agreements with the Company as well as the laws of the United States and the State of New York;

B.    An injunction and order permanently barring Defendants from engaging in further unlawful activities in violation of the FLSA and NYLL;

C.    An award to Plaintiffs for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated and punitive damages where appropriate;

D.    An award of actual damages in an amount to be determined at trial plus pre- and post-judgment interest to compensate Plaintiffs for all monetary and/or economic harm, including but not limited to, the loss of past income, wages, compensation, and other benefits of employment.

E.    An award of costs that Plaintiffs have incurred in this action, as well as Plaintiffs' reasonable attorneys' fees to the fullest extent permitted by law; and

F.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: August 15, 2016

FILOSA LAW FIRM, PLLC

By: _____

Gregory N. Filosa (GF-5680)

111 John Street, Suite 2510
New York, NY  10038
Tel:     (212) 256-1780
Fax:     (212) 256-1781
gfilosa@filosalaw.com

COUNSEL FOR PLAINTIFFS